RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE _11/04/05_
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROY STEVE DAVIS,<br>Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-0618-A |
| VERSUS | |
| ROBERT TAPIA, WARDEN,<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255, by petitioner Roy Steve Davis ("Davis") on March 10, 2004, and amended on July 6, 2004 (Doc. Item 4). Davis is contesting the validity of his May 1990 convictions, by a jury in the Eastern District of Virginia, Alexandria Division, on one count of bank robbery and one count of use of a firearm. An aggregate sentence of 322 months imprisonment was imposed. Davis did not appeal his convictions and sentence.[1]

Davis contends in his habeas petition that his counsel was

---

[1] See U.S. v. Davis, 1992 WL 180109, 972 F.2d 342 (4th Cir. 1992).

ineffective for failing to file a direct appeal, there is insufficient evidence to support his conviction for use of a firearm pursuant to 18 U.S.C. § 924(c), the trial judge gave an erroneous jury instruction for bank robbery pursuant to Section 2113(d), and the trial judge applied incorrect sentencing guidelines for the manner of use of the gun. The District Court denied Davis' petition. On appeal, the Fifth Circuit vacated the district court's judgment and remanded for reconsideration of Davis' petition. This matter was then referred to the undersigned Magistrate Judge for supplemental report and recommendation.

Law and Analysis

Davis is attacking his 1990 federal conviction and sentence pursuant to Section 2241. However, Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that would be the Virginia district court.

Davis admits in his habeas petition that he filed a previous Section 2255 motion in the Virginia district court. See U.S. v. Davis, 1998 WL 545882, 162 F.3d 1156 (4th Cir. 1998)(denied on the merits). Davis filed another Section 2255 motion which was dismissed by the district court on Davis' motion for voluntary

2

dismissal. See <u>U.S. v. Davis</u>, 1995 WL 686107, 70 F.3d 113 (4th Cir. 1995). Davis recently filed another Section 2255 motion in Virginia that appears to have been administratively closed, after a divisional transfer, on April 6, 2004. See <u>Davis v. Tapia</u>, No. CV04-200 (E.D.Va., Norfolk Div. 2004), and <u>Davis v. United States</u>, No. CV04-395 (E.D.Va., Alexandria Div. 2004).

Section 2241 is correctly used to attack the manner in which a sentence is executed. Jurisdiction over a Section 2241 petition lies in the district where the petitioner is incarcerated. <u>Lee</u>, 244 F.3d at 372. A petition filed under Section 2241 which attacks error that occurred at trial or sentencing is properly construed as a Section 2255 motion. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001, 122 S.Ct. 476 (U.S. 2001).

Nevertheless, a Section 2241 petition which attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the so-called "savings clause" in Section 2255. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

<u>Jeffers</u>, 253 F.3d at 829. Also, <u>Pack v. Yusuff</u>, 218 F.3d 448, 451 (5th Cir. 2000).

A Section 2241 petition is not a substitute for a motion

3

pursuant to Section 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255 rests squarely on the petitioner. A prior unsuccessful Section 2255 motion, or the inability to meet AEDPA's "second or successive" requirement or other gate-keeping requirements, does not make Section 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

The factors that must be satisfied for a petitioner to file a Section 2241 petition pursuant to Section 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first Section 2255 motion. Jeffers, 253 F.3d at 829-830, citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. Jeffers, 253 F.3d at 830, citing Reyes-Requena, 243 F.3d at 903-904.

In the case at bar, the court with jurisdiction over a Section

4

2255 motion by Davis is clearly the court of conviction in Virginia. Davis alleges that he is bringing his Section 2241 proceeding pursuant to the savings clause of Section 2255 in order to attack his federal conviction in this court.

1. Davis' Claims are Time-Barred

Davis was convicted on his firearm offense pursuant to Section 924(c)(1). Davis cites Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (Dec. 6, 1995), to support his claims of insufficient evidence to support his conviction and his claim that the trial judge applied incorrect sentencing guidelines for the manner of use of the gun.

In Bailey, the Supreme Court held that a conviction for *use* of a firearm under 18 U.S.C. § 924(c)(1) requires the Government to show "active employment of the firearm."[2] Thus, a defendant cannot

---

[2] Section 924(c)(1)(A) of Title 18 U.S.C., states in pertinent part:
> "Except to the extent that a greater minimum sentence is otherwise provided..., any person who during and in relation to any crime of violence or drug trafficking crime...uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-...[penalty provisions]."

Active employment includes uses such as brandishing, displaying, bartering, striking with, and firing or attempting to fire the weapon, but does not include mere possession of a firearm. Bousely, 516 U.S. at 144, 148-149, 116 S.Ct. at 506, 508. However, the word "carry" in Section 924(c)(1) includes the carrying of a firearm in a vehicle used to arrive at the point of where a drug transaction is to take place. Muscarello v. U.S., 524 U.S. 125, 139, 118 S.Ct. 1911, 1919 (1998).

be charged under Section 924(C)(1) merely for storing a weapon near drugs or drug proceeds, or for placement of a firearm to provide a sense of security or to embolden. Bailey, 516 U.S. at 144, 148-149, 116 S.Ct. at 506, 508.

In Bousley v. U.S., 523 U.S. 614, 118 S.Ct. 1604 (1998), the Supreme Court held that Bailey is retroactively applicable on collateral review on May 18, 1998.[3] Pursuant to Section 2255, Davis had a one year limitation period in which to file a claim pursuant to Bailey. 28 U.S.C. § 2255.[4] In Dodd v. U.S., 125 S.Ct. 2478, 2482 (2005), the Supreme Court recently clarified the time limitation for bringing collateral review claims based on new rules of constitutional law, stating, "if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. ...Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional

---

[3] In Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001), the Supreme Court expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."

[4] Section 2255 states in pertinent part: "A 1-year period of limitation shall apply to a motion under this section. That limitation period shall run from the latest of-...(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;...".

law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year. Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted." Dodd, 125 S.Ct. at 2482-2483.

Davis had one year from the date of the Supreme Court's opinion in Bailey, or through December 6, 1996, to file a second Section 2255 motion alleging his Bailey claim on collateral review. However, prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996, have a one year grace period in which to file their habeas petitions, or through April 24, 1997. Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); U.S. v. Flores, 135 F.3d 1000 (5th Cir. 1998), cert. den., 525 U.S. 1091, 119 S.Ct. 846 (1999). Therefore, including the one year grace period, Davis had until April 26, 1997, to file a Section 2255 motion.

Instead, Davis' filed a Section 2241 petition on March 10, 2004, alleging his claim through the savings clause of Section 2255. However, the savings clause does not save Davis' claim from the one year time-bar. The one year limitation period is a gate-keeping requirement that does not render Section 2255 "inadequate or ineffective" so as to justify Davis pursuing his claims through Section 2241. See Villaneuva v. U.S., 346 F.3d 55, 58 (2d Cir. 2003), cert. den., 124 S.Ct. 2895 (U.S. 2004); Crosby v. U.S., 2005

WL 1667739, *3 (E.D.Va. June 22, 2005)(slip opinion); Alamin v. Gerlinski, 73 F.Supp.2d 607, 610 (W.D.N.C. 1999). Since Davis' one year limitation period to assert his Bailey claim has expired, he does not meet the savings clause requirements for those claims. Moreover, Davis has not alleged any other retroactively applicable Supreme Court decision to support his other claims before this court pursuant to the savings clause of Section 2255. Compare, U.S. v. Padilla, 416 F.3d 424 (5th Cir. 2005), and cases cited there.

Since Davis has not met the requirements of the savings clause of Section 2255 in order to allege his Bailey claims, or any of his other claims, pursuant Section 2241, his claims are not properly brought under Section 2241, and this court lacks jurisdiction to consider his claims under Section 2255. Therefore, Davis' Section 2241 petition should be dismissed.

However, despite the fact that Davis' Section 2241 motion is not properly before this court, the Fifth Circuit's order directed this court to consider Davis' claims on the merits.

## 2. Davis' "Bailey" Claims

The jury convicted Davis of using or carrying a *firearm* during the commission of the bank robbery. Davis contends in his Section 2255 that the jury made no finding as to whether it was a real firearm or a toy and, therefore, did not determine whether he was "using or carrying" a firearm during the commission of the bank

8

robbery. Davis further contends this affects the application of the Sentencing Guidelines in that his base offense level was increased for brandishing a dangerous weapon, contending that fact was not established.

First, it is noted that this is not a typical <u>Bailey</u> claim; Davis does not seriously contest that he used or carried what appeared to be a firearm during the offense, but argues the jury did not determine whether the "firearm" he used and carried was *actually* a firearm, or whether it was a toy. Davis relies on the fact that the gun (or toy gun) he used during the robbery was never found.

A review of Davis' exhibits clearly shows the testimony at trial revealed that Davis did, in fact, carry and brandish a firearm during the robbery. A bank teller testified at trial that Davis displayed his gun and told her more than once to look at it, and to hurry and give him the money; she testified the gun as big, black with a brown handle, and real (Ex. pp. B2-B4). Another bank employee (Nina Maxberry, Ex. p. B6) testified that she saw the robbery being committed at teller window two, activated the alarm and the bank's surveillance cameras, and informed Mr. Hall; that employee described the gun as having a long barrel, a revolver-type gun, dark in color, and stated it looked real (Ex. p. B-1). The bank's assistant manager, Kathy Fravel, testified that she saw Davis back away from the teller's window, turn and place the gun in

his bag, then run out of the bank; she described the gun as having a long black barrel, a revolver-type gun (Ex. p. B5). The testimony at trial clearly supports Davis conviction for using, carrying, and brandishing a firearm during the commission of the offense. Therefore, the "use or carry" requirement under <u>Bailey</u> was satisfied in Davis' case. For that reason as well, the sentencing guidelines were not misapplied in Davis' case.

However, Davis further contends the firearm he "used or carried" was actually a toy. The "toy gun" argument, has long been used as a defense to 18 U.S.C. § 924(c), <u>U.S. v. Kirvan</u>, 997 F.2d 963, 966 (1st Cir. 1993) and it's progeny, although it is not a viable defense to 18 U.S.C. § 2113, <u>U.S. v. Odom</u>, 329 F.3d 1032, 1035 (9th Cir. 2003); <u>Johnson v. U.S.</u>, 278 F.3d 839, 844 (8th Cir. 2002); <u>U.S. v. Hargrove</u>, 201 F.3d 966, 968 n.2 (7th Cir. 2000); <u>U.S. v. Goodman</u>, 185 F.3d 870 (9th Cir. 1999). However, Davis' toy gun defense to Section 924(c) does not fall within the parameters of a <u>Bailey</u> claim. Davis' "toy gun" claim challenges the sufficiency of the government's evidence that he had a real firearm, rather than the sufficiency of the evidence as to whether he was carrying or using the firearm pursuant to <u>Bailey</u>. Therefore, Davis' toy gun claim should have been raised on direct appeal.[5] Since this claim

---

[5] The jury was instructed by the district judge that "a handgun, revolver-type handgun, is a firearm within the meaning of the statute" (Ex. p. 154). The fact that the jury convicted Davis of using or carrying a firearm during the commission of the offense includes the implicit finding beyond a reasonable doubt

is not based on any retroactively applicable Supreme Court opinion, Davis may not raise his "toy gun" claim pursuant to Section 2241 and the Savings Clause of Section 2255.

However, on the merits of that claim, the testimony at trial set forth above supports the jury's implicit finding that Davis used a real gun. The fact that Davis was apparently successful in disposing of the gun he used during the robbery does not preclude a finding by the jury that he did, in fact, use a real gun.

Therefore, Davis' "Bailey" claims, i.e., the "toy gun" defense and the alleged misapplication of the sentencing guidelines, should be dismissed. These grounds for relief are meritless.

## 2. Jury Instruction

Next, Davis contends the trial judge gave an erroneous jury instruction on "bank robbery" because he instructed the jury as to 18 U.S.C. § 2113(d) (as charged in the indictment) instead of 18 U.S.C. § 2113(a).[6] Davis has not cited a retroactively applicable Supreme Court decision which shows Davis may have been convicted of a nonexistent offense and would entitle him to relief on this claim pursuant to the Section 2255 Savings Clause. Compare, Minnifield v. Dobre, 275 F.3d 42 (5th Cir. 2001). As previously stated,

---

that Davis was, in fact, carrying a real firearm, and not a toy.

[6] There is no trial transcript in this case.

11

Section 2241 is not a substitute for a Section 2255 motion.[7]

Moreover, since, as alleged by Davis (Doc. Item 4, p. 9), the jury was instructed as to the offense charged in the indictment (Ex. Tr. pp. 151-153), the trial judge did not commit an error in that regard.

Therefore, this claim should be dismissed, also.

### 3. Ineffective Assistance of Counsel

Finally, Davis claim he had ineffective assistance of counsel due to his counsel's failure to file a direct appeal. A claim of ineffective assistance of counsel is properly raised on collateral review; in this case, that would be a Section 2255 motion. Since Section 2241 is not a substitute for a Section 2255 motion, and Davis had not cited a retroactively applicable Supreme Court case which would support his claim of ineffective assistance of counsel pursuant to the savings clause, this claim is not properly before this court and should be dismissed. Compare, Castro v. Miles, 2004 WL 848288, 95 Fed.Appx. 551 (5th Cir. 2004); Ball v. Conner, 2003 WL 22971285, 83 Fed. Appx. 621 (5th Cir. 2003); Fisher v. Casterline, 2002 WL 31845752, 54 Fed.Appx. 797 (5th Cir. 2002), cert. den., 537 U.S. 1241, 123 S.Ct. 1373 (2003); Osborne v. U.S., 2002 WL 1860365, 45 Fed.Appx. 318 (5th Cir. 2002); Iwegbu v. Payne,

---

[7] Nor is a Section 2255 motion a substitute for an appeal. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995); U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978 (1992).

2000 WL 1901539, 244 F.3d 135 (5th Cir. 2000), cert. den., 534 U.S. 871, 122 S.Ct. 163 (2001).

Moreover, it appears Davis previously raised this claim in his original Section 2255 motion in the Virginia district court, a hearing was held, the claim was denied on the merits (See Ex.- 1997 "Proposed Findings of Fact and Recommendation for Disposition"), and that denial was affirmed on appeal, U.S. v. Davis, 1998 WL 545882, 162 F.3d 1156 (4th Cir. 1998). Davis is not entitled to re-urge this claim before this court through Section 2241.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Davis' Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 4th day of November, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE